427 P.2d 536

**Pat M. KELLY, Petitioner,**

.v.

**The INDUSTRIAL COMMISSION of Arizona and State of Arizona–State Auditor (Arizona State Game & Fish Dept.), Respondents.**

**No. I CA–IC 122.**

Court of Appeals of Arizona.

May 15, 1967.

Review Denied May 23, 1967.

Max T. Layton, Safford, for petitioner.

Robert K. Park, Chief Counsel, by Lawrence J. Sandell, Phoenix, for respondent, Industrial Commission.

STEVENS, Judge.

This case is before the Court on a writ of certiorari granted on the petition of Pat M. Kelly, to review the lawfulness of an award and findings of The Industrial Commission of Arizona, dated 20 September 1966. The award granted petitioner accident benefits through 18 September 1964, but denied his claim for compensation.

The petitioner was employed by the Arizona Game and Fish Commission at the time he suffered a coronary insufficiency on the job on 20 October 1963. Petitioner had been continuously employed by the Game & Fish Commission since October 1946. The Commission personnel manager sent a letter to The Industrial Commission stating that the petitioner had had no break in service during the time that he was employed, and that he had taken no sick leave with the exception of seven days in December of 1963.

The petitioner had traveled to House Rock Valley to assist in conducting a buffalo hunt. He arrived there the evening of 15 October 1963. Between that date and the date of the industrial incident on 20 October 1963 he worked long hours, shoeing horses and riding horseback attempting to round up the buffalo for the hunt. The industrial incident occurred as he was assisting a woman hunter who had felled a buffalo. He left the woman and ran up a 40% grade to the top of a hill to intercept a winch truck which was to take the buffalo carcass to be butchered. He suffered severe chest pains at the time, and lost consciousness. He was given artificial respiration by a fellow worker. He remained at the campsite for several days, returned to Safford, and was examined by Dr. Knight on 23 October 1963. Dr. Knight diagnosed his episode as one of coronary insufficiency. Dr. Knight referred him to Dr. Lee Ehrlich, who concurred in this diagnosis. The record shows that the petitioner continued at his job, but that he was given light duties during this period of time.

The question presented to the Court is whether the award and findings of the Industrial Commission is supported by reasonable evidence. The Commission made findings of fact that the petitioner was not disabled from work in excess of seven days and therefore was entitled to accident benefits only, and not to compensation; that petitioner's heart disease was not caused, aggravated or precipitated by the episode of 20 October 1963; and that petitioner's present condition and/or disability, if any, is the natural consequence of progressive heart disease, and petitioner has no permanent disability as the result of the episode of 20 October 1963.

It is the opinion of this Court that the award and findings of the Commission are not reasonably supported by the evidence. The only reasonable inference which can be drawn from the medical evidence in the record is that the petitioner's pre-existing coronary atherosclerosis was aggravated by the industrial episode and became symptomatic for the first time on that date, and that it has continued to be symptomatic and disabling since that date. The petitioner was examined by a cardiovascular advisory board on 18 September 1964. That board submitted a report which stated in part:

"It is the opinion of this board that from the medical viewpoint the coronary insufficiency is not etiologically related to the exertional episode of October 20, 1963. It is the opinion of this board that the current status is the natural consequence of a progressive coronary atherosclerosis."

At the hearing Dr. Green testified for the cardiovascular advisory board. Dr. Green was questioned and testified as to the cause of the petitioner's underlying coronary artery disease. Dr. Green stated that the disease was not brought about by accident but was a condition which developed over a long period of time and eventually reached a stage at which it became symptomatic. He stated that it would be possible for a person to have this disease without realiz-

ing its existence until such time as it did become symptomatic. Dr. Green stated that it was the opinion of the board that the incident which petitioner experienced on 20 October 1963 did not cause the coronary artery disease. Dr. Green's testimony was not inconsistent with the testimony presented at a later hearing by Dr. Bullington. Dr. Bullington was asked a hypothetical question giving the facts of petitioner's case, and asked to assume that the patient did have arteriosclerosis that was not previously evident. He was then asked if such exercise as that in which the petitioner engaged prior to suffering the coronary insufficiency would precipitate a heart condition that would be disabling. He answered that he believed it could and did in this man's case. The following interchange took place:

"Q Do you think that it was excessive exertion, that in your opinion, that caused the present heart condition?

"A Yes, sir. He had no prior symptoms, and the fact that immediately after this exertion he developed a typical symptom of coronary insufficiency, and that since that time he has continued to have these episodes, leads me to believe that this unusual manner of exertion precipitated this present condition of illness."

Dr. Knight also testified at the hearing, stating that he was personally acquainted with the petitioner as well as being his attending physician, and that he had had occasion to observe the petitioner in situations where a heart condition would have been noticeable, had it been symptomatic at that time. He testified that he had never noticed the petitioner to have symptoms of a heart condition prior to his physical examination of him on the 23rd of October, 1963.

It is the opinion of the Court that the medical testimony is not in conflict on the subject, and that the only reasonable inference which can be drawn from the evidence is that the incident of 20 October

1963 did aggravate the petitioner's pre-existing coronary artery disease. For this reason the award is set aside.

CAMERON, C. J., and DONOFRIO, J., concur.